# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ESTATE OF THE UNBORN CHILD
OF JENNIFER JAWSON, et al.,
        Plaintiffs,

    v.                                      Case No. 19-C-1008

MILWAUKEE COUNTY, et al.,
        Defendants.

## DECISION AND ORDER

Plaintiffs the Estate of the Unborn Child of Jennifer Jawson ("The Estate") and Jennifer Jawson ("Jawson") filed this lawsuit alleging, among other claims, § 1983 claims against several employees of Milwaukee County (the "County"), several employees of Armor Correctional Health Services, Inc. ("Armor"), the County itself, and Armor itself. The claims against Milwaukee County and Armor rely on a theory of *Monell* liability. The County has moved the court to bifurcate any upcoming trial and to stay discovery on the *Monell* claims until the other claims are resolved. Armor moves to join the motion to bifurcate and adopt the arguments therein.

Under Fed. R. Civ. Pro. 26(d)(3), I may order that discovery be sequenced "for the parties' and the witnesses' convenience and in the interest of justice." Under Fed. R. Civ. Pro. 42(b), I may order separate trials of separate claims "for convenience, to avoid prejudice, or to expedite and economize." The decision whether to grant a motion to bifurcate and stay in a case such as this "lies in [my] discretion and must be decided on

- 1 -

a case-by-case basis." *Shalock v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 950548, 2 (March 11, 2014). Because "bifurcation risks additional delay, it has remained the exception and not the rule" in *Monell* cases. *Tate v. City of Chi.*, 18-CV-7439 (N.D. Ill. May 20, 2019).

The County moves for bifurcation and stay for four reasons: (1) That a bifurcation and stay would conserve resources because it would be logically and legally inconsistent for plaintiffs to sustain their § 1983 claims against the County or Armor without first proving an underlying constitutional violation; (2) That there would be minimal overlap between the *Monell* claims and the claims regarding Jawson's seven-day incarceration; (3) That a joint trial would prejudice both sets of, allowing the possibility of *Monell* evidence being imputed to the individual employees and allowing evidence of the infractions of the employees to be attributed to the County; and (4) that a bifurcation and stay would not prejudice the plaintiffs since it would allow for a more orderly and efficient trial. Armor moves to join and adopts the County's arguments.

I do not find these arguments persuasive. The County's concern about prejudice to the defendants can be solved with a limiting instruction to the jury, should the need arise. It is not clear at this time that the resolution of the individual claims would necessarily resolve the *Monell* claims. *See Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 290, 304-05 (7th Cir. 2010) (holding that a municipality can be held liable even if its individual employees are not liable so long as the results are not legally inconsistent). Further, it appears that there will be sufficient overlap between the claims that it would be

wasteful to take a piecemeal approach to discovery; multiple correctional officers and health care staff are individual defendants and both sets of claims will likely require considerable discovery into their job duties, standards, and relevant policies. "[E]ven if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay" and here it is not clear that the bifurcation would promote judicial economy. *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000). Because bifurcation is likely to result in duplicative discovery and prolong the resolution of the case, and because I have not found it would promote judicial economy, the bifurcation and stay is not justified. Therefore, the County's motions for bifurcation and to stay discovery, joined by Armor, are denied.

## CONCLUSION

**IT IS ORDERED** that the motion for joinder at ECF no. 109 is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to stay discovery at ECF no. 109 is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to bifurcate ECF no. 78 is **DENIED.**

Dated at Milwaukee, Wisconsin this 21st day of August, 2020.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge
