UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ESTATE OF THE UNBORN CHILD OF
JENNIFER JAWSON, et al.,**
    **Plaintiff,**

  v.                                            Case No. 19-C-1008

**MILWAUKEE COUNTY, et al.,**
    **Defendant.**

---

## DECISION AND ORDER

Plaintiffs bring this action alleging defendants violated their rights under § 1983 and committed medical negligence under Wisconsin law. Defendant Milwaukee County previously moved for summary judgment on plaintiffs' federal and state law claims against it and I granted that motion. Plaintiffs' remaining claims are against two employees of Armor Healthcare, Karen Horton and Jackie Pitterle. The issue has arisen as to whether Milwaukee County would be required to indemnify judgments against Horton or Pitterle under Wisconsin's government employee indemnification statute, Wis. Stat. § 895.46. I ordered briefing on two issues: (1) whether either party had waived its right to argue the indemnification issue by failing to raise it in their initial summary judgment briefs and (2) whether Wis. Stat. § 895.46 would require Milwaukee County to indemnify a judgment against Horton or Pitterle. ECF no. 225. Those issues are now fully briefed.

The facts of this case are discussed in detail in my previous order. ECF no. 217. As relevant here, Milwaukee County contracted with Armor Healthcare at all relevant times to provide healthcare at the Milwaukee County Jail. Plaintiff is proceeding on § 1983 claims against two employees of Armor, Karen Horton and Jackie Pitterle, and on medical

negligence claims against Horton. Wis. Stat. § 849.46 provides that that a governmental unit must pay judgments against its employees or officers arising from acts committed during the scope of their employment.

## I.     WAIVER

The County's previous motion for summary judgment did not address indemnification under Wis. Stat. § 849.46. Plaintiffs argue that the County has therefore waived any argument on this issue. But when a party neglects to address all of a non-movant's claims in a motion for summary judgment, it is within the district court's discretion to allow further briefing on the remaining claims. *Gordon v. Venemen,* 61 F3d. App'x. 263, 298 (7th Cir. 2003). Doing so is often preferable to wasting judicial resources on claims that should never had made it to trial. *Id.* That is what happened here; because I ordered the parties to provide further briefing on the issue, ECF no. 225, Milwaukee County is free to argue it is entitled to summary judgment on the question of indemnification.

## II.     SUMMARY JUDGMENT

Summary judgment is required where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, I view the evidence in the light most favorable to the non-moving party and must grant the motion if no reasonable juror could find for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

Wis. Stat. § 895.46 requires governmental units to pay judgments against their employees and officers for acts committed within the scope of their employment. A person is not a "state employee" unless the governmental unit "has the type of control over the

individual that would constitute a master/servant relationship." *Lamoreux v. Oreck,* 2004 WI App 160, ¶ 22. The core question in determining whether a master/servant relationship existed is whether the purported employer had a right to control the purported employee. *Pamperin v. Trinity Memorial Hosp.*, 144 Wis. 2d 188, 199 (1988).

The County argues that there is no evidence in the record indicating it had control over Horton and Pitterle. It is undisputed that Horton and Pitterle were employees of Armor, rather than the County. And the contract between the County and Armor states that Armor is an independent contractor, that "all medical care decisions will be the sole responsibility of Armor," and that the County is granted no right to "exercise control or direction over the manner or method by which Armor" or its employees perform their duties under the contract. ECF no. 183-1 p. 21 of 31. Such language is not necessarily dispositive of whether a master/servant relationship exists, *Pamperin*, 144 Wis. 2d at 201, but here plaintiffs point to no evidence that the County otherwise had a right to control Horton and Pitterle. Thus, no reasonable jury could conclude that Horton and Pitterle were employees of Milwaukee County under Wis. Stat. § 895.46.

Plaintiffs focus on whether Horton and Pitterle's conduct was "within the scope of their employment," but this focus is misplaced because plaintiffs have not shown that Pitterle and Horton were employees of the County to begin with.

For the reasons stated, **IT IS ORDERED** that Milwaukee County's motion for summary judgment on the issue of indemnification at ECF no. 226 is **GRANTED**. Milwaukee County is dismissed from the case.

3

Dated at Milwaukee, Wisconsin, this 28th day of March, 2023.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge