UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ESTATE OF THE UNBORN CHILD OF**
**JENNIFER JAWSON, et al.,**
    **Plaintiff,**

    v.                                                 Case No. 19-CV-1008

**ARMOR CORRECTIONAL**
**HEALTH SERVICES, INC., et al.,**
    **Defendant.**

---

## **ORDER**

Plaintiffs bring this action alleging that defendants violated their rights under § 1983 and committed medical negligence under Wisconsin law. This matter is scheduled for trial beginning on Monday, February 26, 2024. Plaintiffs object to several lines of proposed read ins from the August 31, 2020, Deposition of Dr. John May, M.D. ECF No. 307.

Plaintiffs first take issue with lines 17–20 on page 20 of the deposition, arguing that the testimony lacks foundation and calls for the witness' speculation. I agree and will disallow this excerpt from being read into evidence.

Plaintiffs argue that the testimony in lines 2–14 on page 91 is non-responsive to the question, lacks foundation, and calls for speculation. I agree with plaintiffs that lines 10–14 beginning with "But again,…" is entirely speculation and will disallow this excerpt from being read into evidence. Lines 2–10 on page 91 may be read into evidence.

Plaintiffs argue that the testimony in lines 1–11 on page 101 is inadmissible character evidence. Defendant argues in response that they seek to admit this testimony in response to plaintiffs' intention to present testimony indicating that there were concerns with Dr. Ronquillo-Horton's skills as a clinician. Because of this, defendant may present

such evidence in response. I will allow this excerpt to be read into evidence in response to evidence regarding Dr. Ronquillo-Horton's skills as a clinician presented by plaintiffs.

Plaintiffs argue that the witness' answer in lines 7–17 on page 106 is non-responsive to the question asked. I disagree with plaintiffs, and find the witness properly responded to the question asked. I will allow this excerpt to be read into evidence.

Plaintiffs argue that the testimony in lines 8–19 on page 109 is inadmissible hearsay. Defendant responds that lines 14–17 beginning with "And your other…" should be withdrawn but contends that the remainder of the testimony is not hearsay. I agree with defendant and will allow lines 7–14 on page 106 to be read into evidence.

Plaintiffs argue that lines 21–25 on page 111 should not be admitted. But that portion of the deposition is a question asked by plaintiffs' counsel, not any testimony by Dr. May. I will allow this excerpt to be read into evidence.

Plaintiffs argue that the testimony in lines 10–19 on page 121 should not be admitted. However, it is unclear why plaintiffs seek to disallow only part of the witness' response but strike the entire question asked. I see no reason why this excerpt should be disallowed and will allow it to be read into evidence.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge