UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF THE UNBORN CHILD
OF JENNIFER JAWSON; and JENNIFER
JAWSON,

        Plaintiffs,                     Case No.: 19-CV-1008

v.

MILWAUKEE COUNTY, et al.,

        Defendants.

---

## NURSE PITTERLE'S FEDERAL RULE OF CIVIL PROCEDURE 50 JUDGMENT AS A MATTER OF LAW

---

Defendant JACKIE PITTERLE's ("Nurse Pitterle") moves the Court for Judgment As A Matter of Law, pursuant to Fed. R. Civ. Pro. 50. In support of this Motion, Nurse Pitterle states as follows:

1. Nurse Pitterle was an intake/booking nurse on December 2, 2016, who filled out Ms. Jawson's patient intake screening, in which Nurse Pitterle identified, among other things that: (1) Ms. Jawson had been taking Methadone daily since 2012, (2) had taken Methadone that day already, (3) and that Ms. Jawson should be assigned to the Special Medical Unit (SMU), where she would receive additional care, due to her pregnancy issues. (Ex.1, previously Horton Dep. Ex. 17). Nurse Pitterle never provided treatment to Ms. Jawson and did not see her after intake/booking on December 2, 2016.

2. In previously denying summary judgment as to Nurse Pitterle on August 9, 2022, this Court identified the issue of fact for the jury to decide at trial based on the argument made by the parties in their briefing: (Docket 217, p. 16, emphasis added):

> "Plaintiffs argue that a jury could find **Pitterle** was deliberately indifferent because **she failed to follow Dr. Horton's orders** to set up a methadone referral. I agree. **Horton stated she gave a verbal order to initiate Jawson's methadone referral on December 2.** No such order was documented, and Pitterle did not initiate a referral. Pitterle stated that she did not recall Horton giving such an order, but that she would

have recorded any orders that Horton gave. **If a jury credited Horton's testimony it could infer that, although Horton ordered the methadone referral, Pitterle took no action based on that order."**

3. Therefore, this Court denied Nurse Pitterle's summary judgment because the Court found that a jury could believe what the Court thought was Dr. Karen Ronquillo ("Dr. Horton")'s alleged contention that Pitterle failed to follow her alleged verbal order given directly to Pitterle by Dr. Horton to set up a methadone referral.

4. However, it turns out that is not Dr. Horton's contention at all. Dr. Horton is not contending that Pitterle failed to follow her alleged verbal order given directly to Pitterle by Dr. Horton to set up a methadone referral. Rather, Dr. Horton has testified at her deposition and at trial that she does not remember who the person she allegedly spoke to was. Unfortunately, previous counsel for Pitterle (and the Armor Defendants) never brought this point to the Court's attention in their joint Motion for Summary judgment. Present counsel for Nurse Pitterle discovered Dr. Horton's actual testimony when they read Dr. Horton' deposition while preparing for trial. By actually reading the deposition transcripts, they discovered that Dr. Horton's admitted several times that she does not remember Pitterle or whether or not Dr. Horton spoke with Pitterle or somebody else when she allegedly gave the alleged verbal order for outside methadone treatment on December 2, 2016.

5. Specifically, Dr. Horton's has testified multiple times that she does not remember to whom she gave the alleged verbal order for methadone treatment on December 2, 2016, and that the alleged verbal order for methadone treatment may have been given to any one of the several nurses who were in the booking area at that time. Just like Dr. Horton testified at trial, at her evidence deposition, Dr. Horton testified:

"Q: Who did you give the verbal order to?

A: **I do not recall the name of the nurse that I specifically gave the verbal order to.**

Q. When you reviewed the medical records for four-and-a-half, five, six, seven hours, did you identify which nurse that you gave this verbal order to for an immediate referral to a methadone clinic?

> A. Looking at the chart, the patient was referred to me while she was still in booking, **so it may have been given to one of the booking -- to *one of the nurses* who was in booking at that time. However, I cannot identify from the chart who took the call.**

(Ex. 2, Horton Dep., p. 30:2-14) (emphasis added).

6. Dr. Horton further testified at her evidence deposition as follows:

> "Q. So now we know -- and you couldn't tell me before --but now we know who you spoke to, don't we? Jackie Pitterle.
>
> A. **I am not sure if it is Jackie Pitterle**. She was working -- it appears she was working in booking, but **there are several nurses that work in booking**.
>
> Q. Well, she's the one who did the patient intake health screening, and she's the one who's supposed to consult with the clinician about what the plan of care is, right?
>
> MS. GENDELMAN: Object to form.
>
> BY MR. GENDE:
>
> Q. Who else would do that for Ms. Jawson?
>
> A. **As I mentioned, there are several nurses that can be working in booking.**"

(Ex. 2, Horton Dep., p. 137:20-138:9) (emphasis added). Now, Dr. Horton has again confirmed the above deposition testimony at trial.

7. Dr. Horton testified that she does not know the identity of the nurse to whom she gave the alleged verbal order. Pitterle testified that she does not recall having any conversations with Dr. Horton. (Ex. 4, Pitterle Dep. p. 18:3-6).

8. It is clear that Dr. Horton's unambiguous admission that **"I am not sure if it is Jackie Pitterle"** means that she is not sure if it is Jackie Pitterle.

9. "Under Rule 50, a court should grant judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 902 (7th Cir. 2007). "The standard governing a Rule 50 motion mirrors that employed in evaluating a summary judgment motion" except that the two motions are made at different times during the proceedings before the district court. *Appelbaum v. Milwaukee Metro*.

*Sewerage Dist.*, 340 F.3d 573, 578 (7th Cir. 2003) (*citing Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

10. Dr. Horton has made such clear admissions, that a reasonable jury would not have any legally sufficient evidentiary basis to find for the Plaintiff on any of the Counts in this case. Plaintiffs will never be able to meet their burden as to whether Dr. Horton gave Nurse Pitterle a verbal order for methadone treatment when Dr. Horton admits that she does not know if she even spoke with Nurse Pitterle. Accordingly, Nurse Pitterle is entitled to judgment as a matter of law. Fed. R. Civ. P. 50. There is simply nothing for the jury to decide as to Nurse Pitterle when Dr. Horton has admitted that **"I am not sure if it is Jackie Pitterle"**.

11. Consistent with her clear admissions, Dr. Horton's own report of events that she prepared for her employer soon after Ms. Jawson's baby died in December 2016. (Ex 3, previously Horton Dep. Ex. 9), does not ever state that on December 2, 2016 (or ever) she gave a verbal order for methadone treatment to Nurse Pitterle.

12. That is a very significant detail for Dr. Horton to omit in her report of events. It is clear that if in December 2016, Dr. Horton did not write in her December 2016 report anything about Dr. Horton giving Nurse Pitterle a verbal order for methadone treatment on December 2, 2016, no such verbal order was ever given to Nurse Pitterle.

13. Similarly, Dr. Horton's medical note of December 2, 2016 (Ex. 5, previously Horton Dep. Ex. 19), she did not state anything about a verbal order for methadone given on December 2, 2016 to Nurse Pitterle. Nor did she state anything about a verbal order for methadone given on December 2, 2016 to Nurse Pitterle in the treatment plan dated December 5, 2016. (Ex. 6, previously, Horton Dep. Ex. Substitute 10).

14. Nurse Pitterle was the intake/booking nurse who identified the need for additional care for Ms. Jawson at the SMU and noted in the intake form that Ms. Jawson was taking daily Methadone. There is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on that issue of whether Jackie Pitterle received a verbal order from Dr. Horton for

methadone treatment on December 2, 2016, and Plaintiffs cannot and never will be able to meet their burden on any of the counts in the Complaint against Nurse Pitterle.

**WHEREFORE**, JACKIE PITTERLE requests that the Court enter an order granting this Motion For Judgment As A Matter of Law in her favor, pursuant to Fed. R. Civ. Pro. 50, for such other and further relief as this Court deems just and appropriate.

Dated this 27th day of February, 2024

Respectfully submitted,
**STEIN LAW OFFICES**
*/s/ Alon Stein*

Alon Stein
Ava George Stewart
5 Revere Drive, Suite 200
Northbrook, IL 60062
(847) 571-1805
*For Defendant Jackie Pitterle*