# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF THE UNBORN CHILD OF
JENNIFER JAWSON and JENNIFER JAWSON,
        **Plaintiffs,**

    v.

                                         **Case No. 19-CV-1008**

ARMOR CORRECTIONAL HEALTH
SERVICES, INC., et al,
        **Defendants.**

## PLAINTIFFS' REPLY TO MILWAUKEE COUNTY'S OPPOSITION TO AN ENTRY OF DEFAULT JUDGMENT AGAINST ARMOR CORRECTIONAL

## INTRODUCTION

Milwaukee County's ("MC") opposition to default judgment against Armor Correctional Health Services, Inc. ("Armor") misstates the procedural history of this case and disregards the direct claims against Armor for which this Court entered default after Armor's failure to appear at trial. More importantly, MC does not represent Armor and lacks standing to oppose a default already entered against Armor. MC's motion practice is deficient at every level.

## ARGUMENT

This court should not consider any argument by MC regarding default judgment as MC lacks standing to do so. The Eastern District of Wisconsin recently disregarded a similar attempt opposing a default entry in *Hobbs v. Sheskey*, No. 22-CV-680-PP, 2024 WL 1138276, at *12 (E.D. Wis. Mar. 15, 2024). The plaintiff in *Hobbs* moved for default against defendant Sparks-Sheskey. *Id*. at *2. A separate defendant, Sheskey, filed a brief in opposition to the default motion. *Id*. at *5. The court found the separate defendant lacked standing to oppose the motion:

> The court has not considered the responses filed by Sheskey and the Federal Defendants, because they do not represent Sparks-Sheskey and they have not explained how they have standing to respond to a request for default directed at

Sparks-Sheskey or how entry of default against Sparks-Sheskey would impact their rights.

*Id.* at *12.

Here, MC does not represent Armor and fails to apprise the Court why it has standing to request vacating default. MC suggests it maintains an interest in this case because "to the extent that plaintiffs incorrectly believe – notwithstanding this Court's prior ruling rejecting plaintiffs' theories of liability, both direct and indirect, against the County – that a judgment against Armor can somehow be converted into one against the County." (D. 334, p. 1). This convoluted position has no bearing on MC's right to vacate a default judgment entered against a party it does not represent. The lack of standing alone requires this Court to deny MC's attempt to insert itself into a matter for which it has no vested interest. Even if MC had standing, its motion fails on every other substantive and procedural ground because it apparently does not understand the basic undertenants of plaintiffs' complaint and the current procedural posture of case.

The trial in this matter commenced on February 26, 2024. (D. 324). Four defendants named in the Amended Complaint remained, Dr. Karen Horton, Jackie Pitterle, Wisconsin Injured Patients and Families Compensation Fund (the "Fund"), and Armor. (D. 61). Armor previously advised the Court it did not intend to defend itself further and failed to appear at trial. As a result, the plaintiffs moved for default against Armor. No party objected. Based on Fed. R. Civ. P. 55(a), the Court granted default against Armor on February 27, 2024. (D. 324, p. 2). The Court's clerk filed the entry of default after trial concluded on March 1, 2024. At the close of plaintiffs' evidence, Jackie Pitterle moved for directed verdict. There was no objection and Pitterle was dismissed.

The record is clear. Neither Armor nor Pitterle was listed on the verdict form due to the procedural posture of the case. (D. 327). The jury did not render a verdict or contemplate claims against the defaulted Armor or the dismissed Pitterle. Dr. Horton was the only defendant on the

verdict form. *Id.* If MC had an interest in Amor's position or represented it in any form or fashion – its attorneys should have entered an appearance, participated at trial, and stated any objections to default *before* default was awarded.

MC's position has no basis in the law, facts or procedural posture of the case. MC is wrong when it advises this Court a final judgement was entered in favor of all defendants. That position is unsupported by the verdict form or final order. Further, because Armor defaulted on the second day of trial, there is no legal dispute it was liable for plaintiffs' injuries nor does a defaulted party appear on a verdict form. The jury was not required to consider Armor's liability. And even if it should have been on the verdict form, for which MC offers zero rule of law to suggest it should have been, the failure to object during the multiple jury instruction conferences conducted by the Court constitutes waiver.[1] One thing MC correctly addresses is that Armor was defaulted at the close of Plaintiffs' case. (D. 334, p.3 fn. 4). However, its position devolves from there, while it admonishes the parties for not including Armor on the verdict form to assess damages. *Id.* This argument is nonsensical for a variety of legal and procedural reasons. Most importantly, MC's position is contrary to the Federal Rules governing default judgment.

Pursuant to Fed. R. Civ. P. 55(a), Armor failed to defend itself at trial and the clerk was required to enter Armor's default, which was done on March 1, 2024. Fed. R. Civ. P. 55(b)(2) then governs the procedure for default judgment requiring the party to apply to the court for an assessment of damages. The notice requirements under the default rule must be followed:

> If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.

---

[1] Even if MC's counsel had entered an appearance for Armor in an effort to vacate default judgment, which he has not, MC does not object to the amount of damages requested by plaintiffs. So those arguments are waived as well.

Fed. R. Civ. P. 55(b)(2). Armor had previously participated in this case and was represented by counsel entitling them to notice of a default judgment hearing. A month before trial, Armor's attorneys were not being paid, requested they be allowed to withdraw and advised the Court Armor would not participate further in the defense of its interest, regardless of the known potential consequences. The Plaintiffs followed each step required by rule 55. First, default against Armor was entered on plaintiffs' motion at the close of plaintiffs' case in chief. After verdict was rendered on behalf of Dr. Horton, Plaintiffs applied to the court for an assessment of damages and provided notice thereof. (D. 329, 330). The Court now conducts an assessment of plaintiffs' request for damages under Fed. R. Civ. P. 55(b)(2)(A), (B), (C), & (D).

MC's secondary argument is equally confused, based on its failure to understand Plaintiffs' claims against Armor as set forth in the operative complaint. (D. 61). MC incorrectly asserts that "following this Court's decision on summary judgment, plaintiffs' only remaining direct claims were against former Armor medical director Karen Horton, M.D., and former Armor registered nurse Jackie Pitterle." (D. 334, p. 2). However, a plain reading of Plaintiffs' Amended Complaint sets forth direct state law negligence and wrongful death claims against Armor. (D. 61, ¶¶164-173). Armor never moved to dismiss these state law claims. (D. 188, pp. 13-28). The direct state law claims against Armor remained pending at the time trial commenced. MC's opposition is based on a clearly erroneous understanding of what direct claims remained at issue after the Court's summary judgment decision. The direct claims against Armor asserted in the Amended Complaint were apparent to the Court and all parties that participated in the trial. Perhaps MC should have ordered and reviewed the trial transcript (D. 333) prior to filing its motion. MC's respondeat superior arguments are without basis in law or fact.

MC has not actively participated in this case since its motion for clarification was granted on March 28, 2023. (D. 239). Its opposition to a prior entry of default against a party it has no standing to represent contains inaccuracies and unsupported legal arguments. For these reasons, the Court should reject these unfounded arguments and proceed with entering a default judgment pursuant to the procedures set forth in Fed. R. Civ. P. 55(b)(2).

Dated at Wauwatosa, Wisconsin this 15th day of April, 2024.

/s/ *Kevin G. Raasch*

Kevin G. Raasch
Katers & Granitz LLC
WI State Bar No. 1100196
8112 W. Bluemound Road, Suite 101
Wauwatosa, WI 53213
(P) 414.616.7042
Email: kraasch@katersgranitz.com

/s/ James J. Gende II

James J. Gende II
**GENDE LAW OFFICE, S.C.**
WI State Bar No. 1030921
N28W23000 Roundy Dr. Ste. 200
Pewaukee, WI 53072
Telephone:      (262) 970-8500
Facsimile:      (262) 970-7100
Email: jgende@jamesgendelaw.com

*Attorneys for Plaintiffs*